No. 966. **Williams, Black & Co. v. Connor.** November Term, 1880. 1. When a Circuit judge orders security for costs to be given by an absent plaintiff on or before the first day of the next ensuing term, but imposes no penalty for non-compliance, it is within the discretion of the next succeeding judge to permit the security to be filed after the expiration of the time fixed in the first order. *Code*, § 197 ; *McMillan* v. *McCall*, 2 *S. C.* 393.

2. Where two parties associate themselves together for the purchase of one hundred bales of cotton futures (a single transaction), they constitute a partnership as to that matter ; and, the facts being undisputed, the trial judge had a clear right to instruct the jury that it was a partnership. 1 *Parsons on Cont.* 207 ; *Terrill* v. *Richards*, 1 *N. & McC.* 20.

3. The presiding judge may instruct the jury that there is no proof of an alleged fact, when there is none.

4. Defendants' attorney requested the presiding judge to charge the jury that "notice of a dissolution of the partnership may be inferred from the nature and purposes of the transaction at the time the partnership was entered into." This the presiding judge refused to do without the addition of the words, "if the transaction be ended and closed." *Held*, no error.

5. If a partnership exists, it is bound by a note given by one of the partners in settlement of a partnership transaction, without proof of any authority given such parties to bind the firm by note.

6. This court cannot assume that a purchase of cotton futures is a gaming contract, when there is no evidence in the case which shows it to have been so. Appeal dismissed. OPINION by McIVER, A. J., January 10th, 1881. *E. G. Graydon*, for appellant. *J. C. Haskell*, contra.